———————o———————

FRANCES S. WARNER v. FREDERICK JUIF, CATHARINE JUIF, DAGOBERT JUIF AND NICLAUS AMEIS.

*Foreclosure—Notice of hearing—Interest—Rehearing.*

Where defendants in foreclosure neglect to appear after due service, the complainant can proceed *ex parte* without noticing the case for hearing or placing it on the term calendar.

Interest at the contract rate is allowed in Michigan as well after as before the maturity of the debt.

Comp. L., § 6087, permitting interest upon judgments applies also to decrees.

A motion for rehearing that has been delayed until after the time allowed for taking an appeal has expired, is too late if the laches is not excused.

Appeal from Wayne. Submitted April 10. Decided April 16.

FORECLOSURE. Defendant Ameis appeals.

*Walker & Kent* for complainant.

*George Gartner* for defendant appellant. Chancery causes must be brought to a hearing before decree, and cannot be regularly heard without being placed on the calendar, Chancery Rules, 63, 64; *Rose v. Woodruff*, 4 Johns. Ch., 547; hasty proceedings in foreclosure are

discountenanced, *Det. F. & M. Ins. Co. v. Renz*, 33 Mich., 298; *Perrien v. Fetters*, 35 Mich., 236; payment of interest both at common law and by statute rests in agreement either express or implied, *Calton v. Bragg*, 15 East, 223; *Rensselaer Glass Factory v. Reid*, 5 Cow., 610; *Fisher v. Bidwell*, 27 Conn., 363; it has been held that interest may be collected after the maturity of an obligation at the rate therein stated even though no provision is made for interest after maturity, *Monnett v. Sturges*, 25 Ohio St., 384; *Marietta Iron Works v. Lottimer*, 25 Ohio St., 621; *Bates v. Wernwag*, 4 Blackf., 372; *Kilgore v. Powers*, 5 id., 22; *Kohler v. Smith*, 2 Cal., 597; *Pridgen v. Andrews*, 7 Tex., 461; *Hopkins v. Crittenden*, 10 id., 189; *Hand v. Armstrong*, 18 Iowa, 324; *Thompson v. Pickel*, 20 id., 490; *Tindall v. Meeker*, 2 Ill., 137; *Phinney v. Baldwin*, 16 Ill., 108; *Etnyre v. McDaniel*, 28 Ill., 201; *Spencer v. Maxfield*, 16 Wis., 185; *Pruyn v. Milwaukee*, 18 Wis., 367; *Gray v. Briscoe*, 6 Bush, 691; *Brannon v. Hursell*, 112 Mass., 63; *McLane v. Abrams*, 2 Nev., 199; *Keene v. Keene*, 3 C. B. (N. S.), 144; *Gibbs v. Fremont*, 9 Exch., 25: 20 Eng. L. & Eq., 555; it has also been decided that where the obligation is silent as to the rate of interest after maturity, the prescribed legal rate prevails, and not that mentioned in the instrument, *Cook v. Fowler*, L. R. 7 H. of L., 27; *Hubbard v. Callahan*, 42 Conn., 524; *Eaton v. Biossonault*, 67 Me., 540; *Pearce v. Hennessy*, 10 R. I., 223; *Rilling v. Thompson*, 12 Bush, 310; *Brewster v. Wakefield*, 22 How., 127; *Lash v. Lambert*, 15 Minn., 416; *Macomber v. Dunham*, 8 Wend., 550; *U. S. Bank v. Chapin*, 9 Wend., 471; *Ludwick v. Huntzinger*, 5 W. & S., 51; *Burnhisel v. Firman*, 22 Wal., 170; *Bell v. Mayor*, 10 Paige, 49; *Langston v. S. C. R. R.*, 2 S. C. (Rich.) N. S., 249; *Robinson v. Kinney*, 2 Kan., 184; *Searle v. Adams*, 3 id., 515; *Clay v. Drake*, Minor (Ala.), 164; *Henry v. Thompson*, id., 209; *Branch Bank v. Harrison*, 1 Ala., 9; *Lester v. Bank of Mobile*, 7 Ala., 490; *Kitchen v. Branch Bank of Mobile*, 14 Ala., 233; *Craig v. Callen-*

*der*, 2 Minn., 350; *Talcott v. Marston*, 3 Minn., 339; *Kent v. Bown*, 3 Minn., 347; *Daniels v. Ward*, 4 Minn., 168; *Chapin v. Murphy*, 5 Minn., 474; the legal rate of interest only can be recovered where there is no express agreement for a higher rate, *Western Union R. R. v. Smith*, 75 Ill., 505; *Marzion v. Pioche*, 8 Cal., 537; *Hill v. Eldred*, 49 Cal., 398; *Ayer v. Tilden*, 15 Gray, 178; *Spaulding v. Lord*, 19 Wis., 533; *Swift v. Barber*, 28 Mich., 505; *Cameron v. Merch. & Manufacturers' Bank*, 37 Mich., 240; *Capen v. Crowell*, 66 Me., 282; when an obligation has matured, interest is due all the time and not in installments, and Comp. L., § 1637, allowing interest upon installments of interest as they fall due does not apply, *Wheaton v. Pike*, 9 R. I., 182; *Lanahan v. Ward*, 10 R. I., 299; *Grimes v. Blake*, 16 Ind., 160; *In re Bartenback*, 11 N. B. Reg'r, 61: 2 Amer. L. T. Rep., 33; a decree by default may be opened within a reasonable time on a sufficient showing, *Brewer v. Dodge*, 28 Mich., 360; *Miller v. Rushforth*, 3 Green. Ch. (N. J.), 174; though it should only be to promote justice, *Russell v. Waite*, Walk. Ch., 31; *Bates v. Garrison*, Har. Ch., 221; *Hart v. Linsday*, Walk. Ch., 72; *Jerome v. Seymour*, id., 359; *Stone v. Welling*, 14 Mich., 514.

GRAVES, J.   April, 4, 1877, complainant filed her bill to foreclose a mortgage made by the defendants Frederick and Catharine Juif to the City Fire Insurance Company of Hartford, Connecticut, to secure payment of $6000 in five years from January 1st, 1870, with semi-annual interest at ten per cent. per annum.

January 5, 1872, the City Fire Insurance Company assigned to the Orient Insurance Company, and March 20, 1875, the latter company assigned to complainant. The defendants Dagobert Juif and Niclaus Ameis were joined as subsequent incumbrancers.   The bill claimed interest at ten per cent. after maturity of the principal as well as before.

Subpœna was issued immediately and was duly served

on all the defendants April 7.    It was returnable on the 18th, and neither of the defendants appearing, the bill was regularly taken as confessed May 10th.    May 26 it was referred to a commissioner for computation, and on the 28th of May he filed his report, and on the same day the solicitor made and filed the usual affidavit of regularity and obtained decree for sale and foreclosure. The decree was in the form in common use in foreclosure cases, and it required defendants to pay complainant $6902.19, being the sum reported due, on or before April 4, 1878, with interest at ten per cent. per annum from the date of the commissioner's report, and provided that in case default should be made in such payment, the mortgaged premises might be sold by a commissioner, etc.

January 9, 1878, the defendant Ameis applied to the court by petition to open and vary the decree.    January 25th, 1878, the court heard the application and denied it and the petitioner appealed.

The proceeding was in truth a motion for rehearing, and it complained that irregularities had occurred in taking the decree and that it was improper to allow interest at ten per cent. after the principal fell due. The petitioner alleged that he held a subsequent mortgage on the premises for $2000, and being unable to make any defense to the foreclosure, supposed he would be compelled to redeem in order to protect his interests, and acting upon that assumption he procured the money necessary for the purpose, and on January 5th, 1878, placed the matter in the hands of his counsel, "when he was informed and first discovered the irregularities set forth."

The objection that the case was not noticed for hearing has no force.    Defendants having failed to appear, complainant was authorized to proceed *ex parte* —Rule 15—and petitioner was in no way prejudiced by

38 MICH.—84.

the omission of complainant to cause the case to be formally placed upon the term calendar of the court.

In regard to the allowance of interest at ten per cent. after the coming due of the principal, only a few words are necessary. We are aware of the difference of judicial opinion which appears in regard to this general subject, but we think the matter is settled in this State in favor of allowing interest at the rate, not above ten per cent., prescribed by the contract as well after maturity as before. Such has been the invariable construction here, not only by the profession, but by all others, and we are not disposed to question its propriety. Were we to do so it is quite impossible to say how far transactions would be unsettled and business interests be disturbed.

. The legislature must have been cognizant all along of the popular interpretation and might have corrected it if considered wrong. It refrained however from interposing to curtail interest; but did take action to allow it where it was not allowed before. In 1869 it declared that when any installment of interest upon any note, bond, mortgage, or other written contract shall have become due and the same shall remain unpaid, interest may be computed and collected on any such installment so due and unpaid from the time at which it became due, at the same rate as specified in any such note, bond, mortgage, or other written contract, not exceeding ten per cent.; and if no rate of interest be specified in such instrument, then at the rate of seven per centum per annum. Comp. L., § 1637.

It would now be hardly excusable for this court to assume to revive the subject. If a change is desirable it can be brought about by the legislature without reaching back and affecting the past. The statute permitting the collection of interest upon judgments at the rate borne by the contract has in like manner been practically construed as embracing decrees, and we think such construction to be correct.

Finally, it will be noticed that the application was made more than seven months after the decree was entered, and that the delay is in no manner excused or explained. The time given to appeal had long past and according to the general course in this State the motion was manifestly too late. *Benedict v. Thompson,* Walk. Ch., 446.

The order appealed from should be affirmed with costs.

The other Justices concurred.