MILO F. KELLOGG AND OTHERS, PLAINTIFFS, V. LUKE LAVENDER AND OTHERS, DEFENDANTS.

**Interest.** In an action for specific performance of a contract to convey certain real property, the purchase price was twenty-five hundred dollars, five hundred dollars of which was paid down, and time notes given for two thousand dollars, payable in one and two years from date with interest at the rate of twelve per cent per annum. These notes were endorsed by the vendor, for value, before maturity, and the property conveyed to a third party with notice. *Held,* That the holders of said notes were entitled to interest thereon at the rate therein provided for, after as well as before maturity.

APPEAL and cross-appeal from the district court of Lancaster county, POUND, J., presiding. The facts sufficient to an understanding of the case are fully stated in the opinion.

*Brown & Ryan Brothers,* for appellant Tingley, cited: *Monnett v. Sturges,* 25 Ohio St., 384. *Pruyn v. Milwaukee,* 1 Wis., 386. *Thompson v. Pickel,* 20 Iowa, 490. *Warner v. Juif,* 38 Mich., 622. *Brewster v. Wakefield,* 1 Minn., 352. *Union Ins'n v. Boston,* 129 Mass., 82. *Corcoran v. Doll,* 32 Cal., 82. *Beckwith v. Trustees, etc.,* 29 Conn., 286. *McLane v. Abrams,* 2 Nevada, 199. *Van Beuren v. Van Gaasbeck,* 4 Cowen, 496. *Cecil v. Hicks,* 29 Gratt (Va.), 1. *Sharpe v. Lee,* 14 South Carolina, 341. *Lester v. Bank of Mobile,* 7 Ala., 490. *Cromwell v. Co. of Sac.,* 96 U. S., 61. Sutherland on Damages, vol. 1, p. 550, and cases cited. *Hand v. Armstrong,* 18 Iowa, 324. *Lee v. Davis,* 1 A. K. Marsh (Ky.), 397.

*J. S. Gregory,* for cross-appellant.

COBB, J.

This cause was before this court on appeal from the district court of Lancaster county at the July term, 1879, and

was remanded to said court for the purpose of bringing in as parties thereto the persons named in the opinion of the court in 9 Neb., 418.

It appears from the record that after the necessary amendments of pleadings to bring in the designated parties, as well as others who seem to be proper parties, and the settling of the pleadings between the several parties, new and old, the cause was finally tried to a referee, and a final decree entered.

From this decree an appeal was entered by defendants R. R. Tingley and J. W. Hartley, and a cross-appeal by the defendants, J. E. Philpott, Thomas J. Cantlon, E. Mary Gregory, Luke Lavender, and John S. Gregory, and the plaintiff, Milo F. Kellogg.

I will dispose of the questions raised by the cross-appeal first. Of these there are several, but two of which will be noticed here. The others having been settled in the case when previously before the court, will not be re-opened.

1. It appears that on the 28th day of November, 1879, after this cause had been remanded to the district court, and was pending therein, the plaintiff, Milo F. Kellogg, for the consideration of one hundred dollars, executed and delivered to the defendant, E. Mary Gregory, an assignment of the original agreement of purchase of the premises herein involved between himself and the defendant, Luke Lavender; and he also executed and delivered to the said E. Mary Gregory a power of attorney authorizing and empowering her to "either prosecute or dismiss any such suit in said state of Nebraska, which may now be pending or which may grow out of, or arise out of said contract," etc. It also appears that on the 20th day of February, 1880, in vacation of said court, the said E. Mary Gregory, by virtue of, and under the said power of attorney, entered upon the appearance docket of said court a general dismissal of said cause, without prejudice. It also appears that before such order of dismissal was entered, and on the 22d day of

17

November, 1879, the cross-petition of the defendant, Joseph,
W. Hartley, setting up and claiming his interest and rights,
in the premises as afterwards found by the referee, had
been duly filed in court.    It further appears that on the
20th day of February, 1880, the same day upon which the
said order of dismissal was made, a motion was made, pre-
sented, and filed by counsel for an order vacating the
same for the several causes therein specified, which said
motion was afterwards, at the February term of said court,,
allowed, and the said order of dismissal vacated.

2. It appears that one of the notes given by Kellogg to
Lavender, was by him negotiated to Tingley, who was at
that time engaged in making loans, purchasing notes, and,
making investments of money for Parshall.    Tingley
charged this note up to Parshall, and claimed to hold it on
his account; but this, Parshall repudiated, and by litiga--
tion compelled Tingley to otherwise account for all funds
held for him, or on his account.    Thereupon, Tingley ap--
plied to the district court in this case, and obtained leave
to answer as a defendant herein, and answered as an inter--
venor, claiming all rights and benefits in and to the said
one thousand dollars and interest as secured and repre--
sented by the said note as would otherwise be awarded and
decreed to the said Parshall.    It further appears that in the-.
month of February, 1880, the defendant, John S. Greg-
ory, obtained a stipulation from the said Parshall (which,
was duly filed in the case in the district court, July 24,,
1882), for the dismissal of the said cause.

The cross-appellants claim upon the above facts that
upon the assignment by Kellogg to E. Mary Gregory of
the Lavender contract, and giving her the power of attor-
ney above referred to, and the entry by her of the order of
dismissal, the cause was absolutely taken out of court as to
all parties; and that even if this were not so to all intents,
that the right and power of W. J. Lamb to use the name
of said plaintiff in any future proceedings in the case-

thereby ceased and terminated. Also that upon the filing of the stipulation of the said Parshall in the district court in said cause for the dismissal thereof, the power of the court to grant relief to Tingley ceased and terminated.

The above is my solution of the several pleadings, motions, papers, and brief of the said cross appellants, which, from their number, it would be tedious to name specifically. In an equity suit, a superior court of original jurisdiction is invested with a wide discretion as to the bringing in of new parties and the retention of old ones, when such importation or retention is proposed in apparent good faith, and seems to be for the furtherance of justice, the saving of costs, or the termination of litigation; and in a court of appellate jurisdiction, I know of but one general rule for the review of such action of the trial court—providing of course that the provisions of no statute have been violated—has such proceeding been such as was calculated to elicit the truth, ensure a fair trial, and do justice between the parties? Tested by this rule, I see nothing in the proceedings of the district court which ought to be reversed or criticised here.

The appeal of the defendants, R. R. Tingley and J. W. Hartley, is upon the amounts severally decreed to them to be paid by the defendant, E. Mary Gregory, or out of the proceeds of a sale of said real estate; and the sole question raised by said appeal is as to the rate of interest which the notes given by Kellogg to Lavender bear after maturity. The following is a copy of one of the notes, the others being in the same form:

"$1,000.00. LINCOLN, NEBRASKA, July 13, 1872.

"On or before the first of May, 1874, I promise to pay to the order of Luke Lavender one thousand dollars at 12 per cent interest from date, value received.

"MILO F. KELLOGG."

Endorsed by Lavender.

The referee found that the notes drew interest at twelve

per cent from date until maturity, and seven per cent after maturity. The district court modified the finding of the referee in that respect, and in its decree allowed interest on the notes from date to maturity at twelve per cent; from maturity, May 1, 1874, to June 1, 1879 (the date of the taking effect of the statute changing the rate of interest), at ten per cent, and from the last mentioned date at seven per cent. The appellants claim interest at twelve per cent after as well as before maturity.

The question thus presented is an important one which has not previously been before this court. It has, however, been before the courts of last resort of several of the states, and the supreme court of the United States. It first came before the latter court on appeal from the supreme court of Minnesota Territory, in the case of *Brewster v. Wakefield*, 22 How., 118. The laws of Minnesota Territory placed no limit upon the rate of interest for which parties might lawfully contract, but provided that seven per cent per annum should be the rate where none other was fixed by contract. A suit was instituted in the district court of that territory by Wakefield against Brewster and others to foreclose a mortgage made by the said Brewster and wife of certain lands to secure the payment of two promissory notes mentioned in the proceedings. These notes were both given by Brewster on the 11th day of July, 1854, whereby in one of them he promised to pay twelve months after the date thereof, to the order of Wakefield, the sum of five thousand five hundred and eighty-three dollars and twenty-five cents, with interest thereon at the rate of twenty per cent per annum from the date thereof, for value received; and in the other, promised to pay Wakefield the further sum of two thousand dollars twelve months after the date thereof, with interest thereon at the rate of two per cent per month from the date. Judgment of foreclosure was rendered in the district court, giving interest on the said notes at the rates therein respectively

agreed upon up to the date of the rendition of judgment. Taken on error to the supreme court of the territory, this judgment was affirmed with damages and interest, amounting in all to nearly twenty-one thousand dollars—almost three times the amount of the original indebtedness within less than four years. Taken to the supreme court of the United States on appeal, this case presented an illustration of those hard cases which are sometimes said to make bad precedents. That court held that interest should have been calculated on the notes at the rates therein stipulated respectively up to the maturity thereof, and after that time at the rate of seven per cent per annum. The announcement of this decision and opinion in 1859, startled the business and professional mind of the country as the writer well remembers; nor have they been followed and approved as the emanations of that court usually are. This decision being authority in Minnesota under the territorial government, has been followed under the state. Also in Kansas, Arkansas, South Carolina, Rhode Island, Kentucky, and Maine; and while the question may be considered an open one in New York and Connecticut, it has been decided the other way, *i. e.*, that the rate of interest being fixed in the note, it governs not only until maturity, but until payment, unless otherwise expressed, by the courts of Massachusetts, Indiana, California, Texas, New Jersey, Illinois, Wisconsin, Iowa, Nevada, Tennessee, Ohio, Michigan, and Virginia. This view also seems to be in accord with the recent decisions of the English courts as collated by C. J. Gray in his very able and exhaustive opinion in the case of *Union Institution for Savings v. City of Boston*, 129 Mass., 82. In this case, the learned judge cites all of the cases, American and English, and reaches the same conclusion as that announced by Mr. Justice Field in *Cromwell v. County of Sac,* 96 U. S., 51, that "the preponderance of opinion is in favor of the doctrine that the stipulated rate of interest attends the contract until it is merged in the judgment."

But the best reasoned case, it seems to me, is that of *Spencer v. Maxfield*, 16 Wis., 185. The opinion of the court, by Mr. Justice Paine, answers every objection, and leaves it perfectly clear to my mind that the rule last stated is the correct one, and that none other ought to be adopted in this state.

The decree of the district court will therefore be modified in this court so as to give and allow interest in the several sums found due the defendants, Reuben R. Tingley and Joseph W. Hartley, at the rate of twelve per cent per annum to the date of said decree. That is to say the amount of judgment in favor of Reuben R. Tingley is declared and fixed at ($2,231) twenty-two hundred and thirty-one dollars, and that the judgment in favor of Joseph W. Hartley is declared and fixed at ($440.77) four hundred and forty dollars and seventy-seven cents. And the said decree of the district court as above modified is affirmed. By the Court,

JUDGMENT AFFIRMED.