Hager v. Blake.

ABRAM T. HAGER ET UX., PLAINTIFFS IN ERROR, V MARY J. BLAKE, EXECUTRIX, DEFENDANT IN ERROR.

1. **Usury.** A provision in a promissory note to pay interest on interest overdue does not render the note usurious.

2. **Pleading: ANSWER.** An allegation in an answer that only a specified sum is due on the note in suit is a mere conclusion, and does not of itself constitute a defense to the action.

3. **Interest.** The rate of interest agreed upon in a written contract not in excess of that allowed by statute continues until payment.

ERROR to the district court for Fillmore county. Tried below before WEAVER, J.

*J. W. Eller,* for plaintiffs in error.

*John P. Maule,* for defendant in error.

MAXWELL, J.

This is an action to foreclose a mortgage. A decree of foreclosure and sale was rendered in the court below, from which the defendants bring the cause here by petition in error. The defense is usury.

It is alleged in the petition that "on the 20th day of December, 1876, Abram T. Hager made, executed, and delivered to the above named Thatcher Blake his certain promissory note in writing, bearing that date, a true and correct copy of which, with all the credits and indorsements thereon, is hereby annexed, marked exhibit "A," whereby for value received he promised to pay to said Thatcher Blake or order the sum of one thousand dollars, with interest on said sum at the rate of twelve per cent per annum from the date of said note until the same shall be paid," etc. We find no copy of the note attached as an exhibit. It is alleged that three years' interest have been paid, and

that on the 9th day of August, 1877, Abram T. Hager and wife executed a mortgage upon certain real estate for the purpose of securing said note. Whether there was any consideration for this mortgage or not nowhere appears in the record, nor is the question raised. The defendants answered the petition, and allege in substance that the note shows on its face that the contract was usurious. A copy of the note is set out in the answer, from which, in addition to what was stated in the petition, it appears that it was agreed that overdue interest was to draw interest, and that if default was made in the payment of the interest or any part thereof, the whole amount of principal and interest should become due. There is also an allegation that three several payments of interest of $120 each have been made. It is alleged that these amount to $366.30, but the statement of facts fail to show such payment. A demurrer to the answer was sustained, and this is the error complained of. To render a contract usurious, the contract itself must be tainted with the offense. *Richards v. Kountze*, 4 Neb., 200. *Nichols v. Fearson*, 7 Peters., 103. *McGill v. Ware*, 4 Scam., 24. If the original contract does not provide for a higher rate of interest than the law authorizes, an agreement to pay interest on overdue interest will not render the original contract usurious. The compound interest would be somewhat in the nature of a penalty for not paying the interest when due, but it is not usury. The question was before this court in *Weyrich v. Hobelman*, 14 Neb., 432. In that case, it was agreed that after the maturity of the note it should draw interest at twenty-four per cent. The court held the penalty could not be recovered, and it did not constitute usury. No case has been cited holding that an agreement for compound interest constituted usury. In some of the cases it is said such agreements savor of usury, and as a rule of public policy will not be enforced.

In *Wilcox v. Howland*, 23 Pick, 169, it is said: "The result of the doctrines upon this subject seems to be that

a contract to pay compound interest is not usurious or void; that an agreement to pay interest annually or semi-annually is valid and may be enforced by action; that a claim for interest on such interest is an equitable claim; but that on an action brought, interest will not be allowed on interest from the time it fell due, because it would savor of usury, and because the holder of the note, by forbearing to call for his interest when it became due, shall be deemed to have waived his right to have the interest converted into capital."

In *Connecticut v. Jackson*, 1 Johns. Ch., 13, Chancellor Kent, after an elaborate review of the authorities, held that in ordinary cases interest upon interest was not allowed. And this rule of law seems to be generally adhered to by the courts. The provision in the note for interest upon interest, therefore, cannot be enforced, but it does not taint the original contract with the vice of usury.

*Second.* There is an allegation in the answer that only the sum of $634.30 is due upon the note. It is apparent, however, from the answer itself, that this result is reached by treating the note as tainted with usury, and deducting therefrom the three payments of interest. As in our view the note is not affected with usury, the objection is untenable.

*Third.* It is claimed that after the note became due it drew interest only at the legal rate—seven per cent. This question was before this court in *Kellogg v. Lavender*, 15 Neb., 256, and it was held that the contract rate continued until payment. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.