LUTHER P. MATHEWS, PLAINTIFF IN ERROR, V. HATTIE TOOGOOD, AS EXECUTRIX OF THE ESTATE OF THOMAS TOOGOOD, DECEASED, VINCENT C. TOOGOOD, MARY TOOGOOD, AND FREDERICK L. TOOGOOD, AND BERTHA E. TOOGOOD, MINOR HEIRS OF SAID THOMAS TOOGOOD, DECEASED, DEFENDANTS IN ERROR.

1. **Interest.** "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon $100, shall be valid upon any loan or forbearance of money, goods or things in action; which rate of interest so agreed upon may be taken yearly, or for a shorter period, or in advance, if so expressly agreed." Sec. 1, Chap. 44 of Compiled Statutes of 1887.

2. ————. This section forbids the allowance of interest in excess of ten per cent upon any loan or forbearance of money, and where the interest provided for in a promissory note is the maximum rate allowed by law, and is represented by coupons providing that interest shall be allowed thereon after maturity at the maximum rate, no interest will be allowed on such coupons.

3.  ———.  The former opinion in this case, 23 Nebraska, 536, modified.

REHEARING of case reported 23 Neb., 536.

*Dawes, Foss & Stephens,* for plaintiff in error, cited: *Meyer v. Muscatine,* 1 Wall., 384.  *Humphreys v. Morton,* 100 Ill., 592.  *Harper v. Ely,* 70 Id., 581.  *Mills v. Jefferson,* 20 Wis., 54.

*Abbott & Abbott,* for defendants in error.

REESE, CH. J.

This case was decided at the January term of this court of the present year, and is reported in 23 Neb., at page 536.  A rehearing was afterwards granted, upon the motion of plaintiff in error, and the cause has again been submitted, as in the first instance, without the aid of a brief or argument on the part of defendants in error.

Upon a re-examination of the case, we have come to the conclusion that the first decision was wrong wherein it was held that an agreement to pay interest upon interest, to accrue after the promise, could in no case be enforced.  It is believed that the decision must be made wholly upon a construction of the statutes of this state, relating to interest, unaided by any of the authorities cited in the previous opinion.

In order to a more complete understanding of the case, we here copy both the principal note and the coupon:

"$4,400.          CRETE, NEBRASKA, May 2d, 1885.

"On the 2d day of May, 1887, we promise to pay Luther B. Mathews, or Order, Forty-four Hundred Dollars, with interest from this date until paid, at the rate of 10 per cent per annum, payable semi-annually as per coupons hereto attached.  Value received.  Principal and interest payable at State Bank, Crete, Neb.

"Should any of said interest not be paid when due, it shall bear interest at the rate of ten per cent per annum from time same becomes due, and upon a failure to pay any of said interest within thirty days after due, the holder may elect to consider the whole note due, and it may be collected at once.

"THOMAS TOOGOOD,<br>
"V. C. TOOGOOD."

"$220.                                    May 2d, 1887.

"We promise to pay Luther P. Mathews, or order, Two Hundred and Twenty Dollars, being the interest to that date on my note of $4,400. This interest note to draw ten per cent per annum from maturity.

"THOMAS TOOGOOD,<br>
"V. C. TOOGOOD."

The amount of plaintiff's recovery upon these causes of action must be within the maximum fixed by section 1 of chapter 44 of the Compiled Statutes of 1887. That section is as follows:

"Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money, goods, or things in action; which rate of interest so agreed upon may be taken yearly, or for any shorter period, or in advance, if so expressly agreed."

The contract upon which plaintiff's action is based is for the payment of the interest semi-annually, but not for the payment of such interest in advance of the time it would accrue. As we view the case, the only question properly before us is, whether the contract provides for the payment of a rate of interest "exceeding ten dollars per year upon one hundred dollars." If it does, the excess cannot be allowed. If it does not, the whole interest may be collected, notwithstanding it may be provided for in part by the interest on the coupon note; or, stated differ-

ently, by interest on the interest, after it has accrued. It will be observed that the principal note provides for the payment of interest at the rate of ten per cent *per annum*, which is the maximum rate allowed by law. Now, if this interest, being unpaid when the semi-annual period is reached, is permitted to draw interest at the rate of ten per cent per annum, it seems to us that the interest will exceed the ten per cent which can by law be allowed on the contract as made. The principal note is $4,400. The interest upon that sum for one year, at the rate of ten per cent, is $440. If the interest for the first six months in the year should not be paid, its interest would be $11 more, which would be $451 interest for the year, and which could not be allowed under the provisions of the section above quoted. Counsel for plaintiff in error contends that interest on the coupon should be allowed under the provisions of section 4 of the chapter above referred to.

This section is as follows:

"On money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, money received to the use of another, and retained without the owner's consent, expressed or implied, from the receipt thereof, and on money loaned or due, and withheld by unreasonable delay of payment, interest shall be allowed at the rate of seven per cent per annum. Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof."

It cannot be denied but that there is considerable force in this argument, and were it not that the coupon note has for its basis the principal note, and upon which it is the interest, we would readily concede the point made. But as the two notes represent but one transaction and one indebtedness, and, as to allow the interest according to the provisions of said section would be to exceed the limitation of section one, we cannot do so without coming in conflict with the plain provisions of the latter section.

As said by Judge MAXWELL in *Hager v. Blake*, 16 Neb., 12: "The provision in the note for interest upon interest, therefore, cannot be enforced, but it does not taint the original contract with the vice of usury."

It follows that the original opinion must be modified to the extent herein suggested, but that the decree of the district court must be affirmed, which is done.

DECREE AFFIRMED.

THE other judges concur.