[Civil No. 763.    Filed March 19, 1902.]

[68 Pac. 537.].

## HOSEA G. GREENHAW, Defendant and Appellant, v. R. J. HOLMES, Plaintiff and Appellee.

1. NEGOTIABLE INSTRUMENTS — NOTES — INTEREST—RATE—WHERE NOT PROVIDED—WHERE PROVIDED—JUDGMENT—BEARS RATE PROVIDED—REV. STATS. ARIZ. 1887, PARS. 2161, 2162, CONSTRUED. — Under paragraph 2161, *supra,* providing that when there is no express agreement fixing a different rate of interest, interest at the rate of seven per cent per annum shall be allowed on notes after maturity, and paragraph 2162, *supra,* providing that parties may agree in writing to any rate of interest on notes, and any judgment rendered on such contract shall bear the rate of interest agreed upon by the parties, a note calling for interest at the rate of one per cent per month, and containing no provision as to the rate after maturity, bears interest after maturity at the stipulated rate, and not at seven per cent per annum.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

J. L. B. Alexander, and G. P. Bullard, for Appellant.

The parties in specifying the rate of interest, omitted the words "until paid," and no other words were substituted in their place to show that the parties to the note intended that the contract rate of interest therein should continue after maturity until the note should be paid or merged in a judgment. The contract being for interest, the parties should be held strictly to the terms of their contract, which in this case is one per cent per month until due, *not until paid,* and the court should not indulge in doubtful inferences to extend the stipulation for interest beyond the time specified in the written contract. *Newton* v. *Kennerly,* 31 Ark. 626, 25 Am. Rep. 592; *Brewster* v. *Wakefield,* 22 How. 118, 16 L. Ed. 301; *Holden* v. *Trust Co.,* 100 U. S. 74, 25 L. Ed. 567.

J. W. Crenshaw, for Appellee.

All promissory notes or other agreements in writing for the payment of interest on money due or to become due bear the same rate of interest after maturity as is expressed in the written contract, although nothing is expressed about interest after maturity. Rev. Stats. Ariz. 1887, pars. 2161, 2162; *Prigden* v. *Andrews,* 7 Tex. 461; *Hopkins* v. *Crittenden,* 10 Tex. 189; *Marietta Iron Works* v. *Lottimer,* 25 Ohio St. 621; *Monnett* v. *Sturges,* 25 Ohio St. 384; *Hydraulic Co.* v. *Chatfield,* 38 Ohio St. 575; *Kerr* v. *Haverstick,* 94 Ind. 178; *Hume* v. *Mazelin,* 84 Ind. 574; *Shaw* v. *Rigby,* 84 Ind. 375, 43 Am. Rep. 96; *Kimmell* v. *Burns,* 84 Ind. 370; *Phinney* v. *Baldwin,* 16 Ill. 108, 61 Am. Dec. 62; *Hand* v. *Armstrong,* 18 Iowa, 324; *Thompson* v. *Pickel,* 20 Iowa, 490; *Brannon* v. *Hursell,* 112 Mass. 63; *Warner* v. *Juif,* 38 Mich. 662; *Meaders* v. *Gray,* 60 Miss. 400, 45 Am. Rep. 414; *Broadway Savings Bank* v. *Forbes,* 79 Mo. 226; *Borders* v. *Barber,* 81 Mo. 636; *Kellogg* v. *Lavender,* 15 Neb. 256, 48 Am. Rep. 339, 18 N. W. 38; *Hager* v. *Blake,* 16 Neb. 12, 19 N. W. 780; *Wyckoff* v. *Wyckoff,*

44 N. J. Eq. 56, 13 Atl. 662; *Cotton Mills Co.* v. *Burns,* 114
N. C. 353, 19 S. E. 238; *Overton* v. *Bolton,* 9 Heisk. 762, 24
Am. Rep. 367; *Cecil* v. *Hicks,* 29 Gratt. 1, 26 Am. Rep. 391;
*Spencer* v. *Maxfield,* 16 Wis. 185; *Jefferson County* v. *Lewis,*
20 Fla. 981.

DAVIS, J.—The action in the court below was founded
upon a promissory note of the tenor following: ''$1,897.00.
PHŒNIX, A. T., March 8th, 1893. On or before July 8th,
1893, after date, for value received, I promise to pay to the
order of R. J. Holmes, Sr., the sum of eighteen hundred and
ninety-seven dollars, at Phœnix, A. T., with interest thereon
at the rate of one per cent per month, payable annually.
[Signed] HOSEA G. GREENHAW.'' The district court, by its
judgment, allowed interest on this note at the rate of one per
cent a month after it became due. The appellant contends
that his contract was only for that rate from the date of the
note until its maturity, and that but seven per cent was re-
coverable after that period. This raises the only question
presented by the appeal, and its determination involves the
correct interpretation of the contract in the light of the stat-
ute then in force on the subject of interest. The provisions of
law to be considered in this connection are the two following
paragraphs, contained in the Revised Statutes of 1887:—

''2161. When there is no express agreement fixing a differ-
ent rate of interest, interest shall be allowed at the rate of
seven per cent per annum on all moneys after they become
due on any bond, bill, promissory note, or other instrument
in writing, or any judgment recovered in any court in this
territory, for money lent, for money due on any settlement of
accounts from the day on which the balance is ascertained,
and for money received for the use of another.

''2162. Parties may agree in writing for the payment of
any rate of interest whatever on money due or to become due
on any contract; any judgment rendered on such contract
shall conform thereto, and shall bear the rate of interest
agreed upon by the parties, and which shall be specified in
the judgment.''

These provisions were adopted from the statutes of Cali-
fornia, and had already been construed by the supreme court
of that state against the view now urged by the appellant.
In *Kohler* v. *Smith,* 2 Cal. 597, 56 Am. Dec. 369, the court

said: ''This language is very explicit, and shows that the intention of the act was twofold: First, that money demands after maturity, should draw interest; and, second, that they should draw interest at whatever rate was expressed in the written contract, notwithstanding that nothing is said expressly about interest after maturity; and it is only where no rate is agreed on that the statute rate takes effect. This construction is strengthened by the second section of the act, which requires judgment on such contracts to 'bear the interest agreed upon by the parties'.'' A like decision has been made in other states upon similar statutes. *Hand* v. *Armstrong,* 18 Iowa, 324; *Brannon* v. *Hursell,* 112 Mass. 63; *Marietta Iron Works* v. *Lottimer,* 25 Ohio St. 621; *McLane* v. *Abrams,* 2 Nev. 199; *Phinney* v. *Baldwin,* 16 Ill. 108, 61 Am. Dec. 62; *Hopkins* v. *Crittenden,* 10 Tex. 189; *Spencer* v. *Maxfield,* 16 Wis. 185; *Borders* v. *Barber,* 81 Mo. 636; *Warner* v. *Juif,* 38 Mich. 662; *Kellogg* v. *Lavender,* 15 Neb. 256, 48 Am. Rep. 339, 18 N. W. 38; *Wyckoff* v. *Wyckoff,* 44 N. J. Eq. 56, 13 Atl. 662. While the authorities are somewhat conflicting, the preponderance of opinion in the state courts is clearly in favor of the doctrine that the stipulated rate of interest attends the contract until it is merged in this judgment. This view has also received the sanction of the supreme court of the United States in a case which came before it under a statute of Iowa which bears close resemblance to that of our territory. *Cromwell* v. *Sac County,* 96 U. S. 51, 24 L. Ed. 681. In the cases from that court where a different rule was apparently applied it will be observed that the local statutes governing interest rates were essentially different from our own. *Brewster* v. *Wakefield,* 22 How. 118, 16 L. Ed. 301; *Burnhisel* v. *Firman,* 22 Wall. 170, 22 L. Ed. 766; *Holden* v. *Trust Co.,* 100 U. S. 72, 25 L. Ed. 567. Certainly the legislature, in providing that the judgment should bear the stipulated rate of interest, could not have had in contemplation that a different rate would prevail between the maturity of the note and the entry of the judgment, nor is it evident that the parties contracting under this statute so intended. The appellant had agreed in writing that the rate of interest for the use of the appellee's money should be one per cent a month. If, in breach of his contract, in violation of his own duty and against the lender's rights, he extended the time, should he not be held to the rate

at which he took the money? Aside from the naked justice of the proposition, the inference seems irresistible that such was the requirement of our law. In other words, the statute meant that the principal of the note should bear the stipulated rate of interest from the time it was due until it was paid, whether payment was made voluntarily or enforced by judgment and execution.

There appears no error in the record, and the judgment of the court below is affirmed.

Sloan, J., and Doan, J., concur.