Southard v. Dorrington.

A. W. SOUTHARD, PLAINTIFF IN ERROR, V. DORRINGTON & WILSON, DEFENDANTS IN ERROR.

**Mortgage Foreclosure:** PAYMENT OF TAXES BY MORTGAGEE. D. and W., holding a mortgage against S., paid certain taxes due on the mortgaged property, and in a petition to foreclose the mortgage alleged that they paid the same to protect the security, and asked to have such taxes added to the mortgage debt. The defendant answered the petition without denying that the payment was to protect the security, alleged certain irregularities in the proceedings and assessment, which, if true, would have rendered a tax deed void; but did not allege that the lands were not subject to taxation, nor that the tax, if lawfully assessed, would not be a valid charge on the land, nor any ground for equitable relief. *Held*, on demurrer, the answer constituted no defense.

ERROR to Richardson county district court. Tried below before WEAVER, J.

*George P. Uhl*, for plaintiff in error, cited : *Morrill v. Taylor*, 6 Neb., 236. *Peyton v. Bliss*, Woolworth, C. C. Rep., 175. *Lessee of Hannel v. Smith*, 15 Ohio, 134. Blackwell on Tax Titles, 349. Cooley on Taxation, 193.

*Isham Reavis*, for defendant in error, cited : *Peet v. O'Brien*, 5 Neb., 364. *Wallace v. Brown*, 22 Ark., 118. *Fisk v. Brunette*, 30 Wis., 102. *Dayton v. Rice*, 47 Iowa, 431.

MAXWELL, CH. J.

In August, 1879, the defendants in error filed a petition in the district court of Richardson county to

NOTE.—See *Peet v. O'Brien*, 5 Neb., 361. *Wood v. Helmer*, *ante* page 65, and note.—REP.

foreclose a mortgage, executed by A. W. Southard, to secure the payment of a promissory note for the sum of $116, and interest, and for taxes paid. The allegation as to payment of taxes being " that said mortgaged premises, to-wit, lots 3 and 4, in block 121, have been sold at tax sale for delinquent taxes, on the seventh day of November, 1877, for the year 1876, and also for delinquent taxes thereon for the years 1870, 1871, 1872, 1873, 1874, and 1875, which, together with the interest thereon, amounted to the sum of $97.05 ; and that on the ninth day of August, 1879, your petitioners, for the purpose of *protecting their security*, and in their capacity as mortgagees, attended at the office of the treasurer of Richardson county, Nebraska, and redeemed the same from sale by paying to said treasurer the said sum of $97.05, for which they received a certificate of redemption ;   *   *   that afterwards, on the eighth day of August, 1879, lots one, two, three, and four, of said mortgaged property, were again sold for delinquent taxes, at private tax sale, for all delinquent taxes then due thereon, amounting to the sum of $52.40, which amounts the plaintiffs pray may be added to the mortgage debt," etc.

To these allegations there is no denial by the plaintiff in error, but an answer was filed containing a number of counts, five of which are in substance as follows : That the taxes claimed by plaintiff to have been paid for the year 1873 were wholly void, and no charge either against said lots or against said defendant ; that said lots were not assessed, as required by law; that the assessor did not take the oath required by law; and in fact took no oath at all ; that the apparent levy for the year 1873 was illegal and wholly void ; that no tax list and duplicate were made as required by law, and no warrant was issued to the treasurer of

said county to collect any taxes upon said lots as required by law, and any taxes paid by plaintiffs were no charges against said lots or this defendant.

In the first and second counts it is also alleged that lots one, two, three, four, seven, and eight were assessed in bulk, and that the defendant (plaintiff in error) had no interest in lots seven and eight. The plaintiff in the court below demurred to the answer, upon the ground that the facts stated therein did not constitute a defense. The demurrer was sustained and a decree rendered for the plaintiffs in the court below (defendants in error). The cause is brought into this court by petition in error.

The defendant in the court below in effect asks the court to render a decree declaring the taxes upon the lots in question null and void. Does his answer state facts sufficient to show the illegality of such taxes?

The effect of the answer is to admit that the lots in question were assessed for the years designated, but alleges that they were illegally assessed. How illegally? We are told that they were not assessed as required by law; that the assessor did not take the oath required by law; that in fact no oath was taken; that no tax list and duplicate were made, as required by law; and no warrant was issued to the treasurer to collect said taxes, as required by law. These are very general allegations. The qualification " as required by law " to such allegation destroys its force and effect. There is an entire absence of distinct facts, showing the illegality of the tax, sufficient to authorize this court in saying that such taxes are illegal and void. There is no allegation that the lands were not taxable, nor that the taxes imposed, if properly levied, were not justly chargeable against the lots in question, nor that a higher tax had been levied upon these lots than those adjoining. Nor is there

any offer on the part of the defendant to pay what is justly due for taxes thereon.

In an action at law for the possession of the premises under a tax deed, the answer would be sufficient in all probability, but not in a proceeding in equity, to have the taxes, which appear to have been lawful in themselves, declared null and void. In such case the party must state facts showing his right to equitable relief.

When the payment of taxes assessed on real estate is necessary to protect the security, the mortgagee may pay the same, and have the amount paid added to the mortgage debt as expenses necessarily incurred in protecting the security. *Godfrey v. Watson*, 3 Atk. *Mix v. Hotchkiss*, 14 Conn., 32. *Williams v. Hilton*, 35 Me., 547. *Page v. Foster*, 7 N. H., 392. *Kortright v. Cady*, 23 Barb., 497. *Brown v. Simons*, 3 Am. Law Reg. (N. S)., 154 (44 N. H., 475). But the courts look with jealousy upon the demands of the mortgagee beyond the payment of his debt as increasing the difficulties in the way of the right to redeem. But where the land is liable to taxation, and taxes, if legally assessed, would be a legal charge upon the same, and there are no special circumstances showing the tax to be unjust or inequitable, a court of equity will not declare such tax void because some of the formalities necessary to make a tax deed valid have not been complied with. A party relying upon a tax deed relies upon his title, and must stand or fall upon that. But if he seeks to enjoin the collection of taxes he must offer to do equity by paying or offering to pay what in justice he should pay. Nor in such case is the mortgagee required to permit the land to be sold, when such sale would impair his security for the debt. As there is no denial in the answer that these taxes were paid to protect the security—and so far as

appears they were taxes which, if properly assessed, would have been a charge upon the lots in question—the demurrer to the answer was properly sustained.

JUDGMENT AFFIRMED.