AUGUSTUS JOHNSON, PLAINTIFF IN ERROR, V. MOSES U. PAYNE, DEFENDANT IN ERROR.

1. **Mortgaged Property**: TAXES AGAINST: PAYMENT BY MORT-GAGEE: REMEDY AGAINST MORTGAGOR. A mortgagee, for the protection of his security, has the right to pay the taxes thereon, or to redeem the same from tax sale. The amount which he is required to pay for such purpose is a valid claim against the mortgagor, enforceable in the same manner as the mortgage debt, and continuing until the satisfaction of the mortgage.

2. ———: ———. Whatever amount is due under the mortgage at the time of foreclosure, including taxes so paid, constitutes but a single and indivisible demand, and cannot be separated and collected by several actions.

ERROR from the district court for Otoe county. Tried below before POUND, J. Action by a mortgagee against mortgagor, after foreclosure, on the covenants to "keep all taxes paid," for moneys paid to redeem land from tax sale.

*E. R. Warren*, for plaintiff in error.

The extinguishment of the debt extinguishes the mortgage for every available purpose. *Halsey v. Reed*, 9 Paige, 446. *Blunt v. Walker*, 11 Wis., 348. *Mowry v. Hood*, 12 Wis., 429. Jones on Mortgages, 77. Rawle on Cov., 459. *Sherman v. Sherman*, 3 Ind., 337. *LeBeau v. Gluze*, 8 La. Ann., 475. *Hitchcock v. Merrick*, 18 Wis., 357. The petition shows that in March, 1877, *before* the decree in foreclosure, Payne had paid the taxes sued for. They might and should have been included in his decree. *Cook v. Craft*, 3 Lans. (N. Y.), 512. *Dale v. M'Evor*, 2 Cow., 118. *Ellsworth v. Lockwood*, 42 N. Y., 89–96. *Brown v. Simmons*, 44 N. H., 475. *Southard v. Dorrington*, 10 Neb., 122.

*Covell & Ransom*, for defendant in error, cited. *Eagle Fire Ins. Co. v. Bell*, 2 Ed. Chy., 630. *Brown v. Cascaden*, 43 Iowa, 105.

LAKE, J.

The material averments of the petition were proved on the trial, and although presented in various forms the only really important question for our determination is whether they authorized the plaintiff below to recover the money demanded.

The only warrant for the payment of the taxes and the redemption of the land from the tax sale by Payne was derived from the mortgage. As mortgagee he had the right to make such payment and redemption, for the proper protection of his security, even independently of the express covenant in the mortgage that the mortgagor would do so. And the amount which he was thus required to pay at once became a valid claim against the mortgagor, enforceable in the same manner as the mortgage debt, and continuing until the satisfaction of the mortgage. *Southard v. Dorrington*, 10 Neb., 119.

The rule then is—and it is admitted by counsel for the plaintiff in error—that the expense thus incurred in protecting the security from impairment might have been included in the foreclosure suit, and the amount there recovered increased accordingly. But this was not done. The foreclosure proceedings were commenced and carried forward to a final decree, and sale of the mortgaged premises, the sale confirmed, and an order made for the payment by the mortgagor of a small balance found to be unsatisfied by the proceeds of the sale, which was complied with. While these steps were being taken, no mention whatever appears to have been made of this expenditure by the mortgagee for the preservation of his security.

It cannot, we think, be seriously questioned that one result of these foreclosure proceedings was the total extinguishment of the mortgage. The payment, according to the order of the court, of the balance remaining after exhausting the security, certainly worked a complete satisfaction of the decree, and consequently of all rights under the mortgage, which had become merged in it. In the action to foreclose, the mortgagee set forth what he claimed under the covenants of the mortgage, and submitted to the court his prayer for relief, which was granted. This, we think, is as far as he can go. The decree, with which he appears to have been satisfied, as he took no appeal, nor in any manner questioned its correctness, was a final adjustment of all his existing rights under the mortgage, and by it both he and the mortgagor are bound.

The case of *Hitchcock v. Merrick*, 18 Wis., 357, was not materially different in its facts from the one we are now considering. In that case, however, the taxes were paid after the decree and sale, and it was there held that an action for the amount so paid could not be maintained, for the reason that the mortgage had

been extinguished by the previous decree and sale of the property. That the covenant to pay the taxes "is collateral and subordinate to the debt" secured by the mortgage, "and that when the debt is extinguished the covenant can serve no further purpose." See also the following cases on this point. *Tice v. Armium*, 2 John.. Ch., 125. *Cox v. Wheeler*, 7 Paige, 248. *Ferris v. Crawford*, 2 Denio, 595.

From this it would seem that whatever amount is due under the mortgage at the time of its foreclosure constitutes but a single and indivisible demand, and therefore cannot be separated and collected by several actions. We are not aware that there is any distinction between legal and equitable causes of action in this respect. Therefore, applying the rule applicable in such cases, we must hold that neither the facts of the petition nor the proofs show a cause of action on which the defendant in error can possibly recover. The judgment must be reversed, and the action dismissed at the costs of the defendant in error.

JUDGMENT ACCORDINGLY.