HORRIGAN, *Appellant*, v. WELLMUTH.

1.  **Mortgage**: PAYMENT OF TAXES BY MORTGAGEE. If the mortgageor fail to pay the taxes on the mortgaged premises, the mortgagee may pay them, and claim the benefit of the lien of the mortgage as security for the amount. But his claim must be enforced as a part of the mortgage debt, and not by an independent action against the mortgageor, as for money paid to his use or under claim of subrogation to the lien of the State or municipality.

2.  **Mortgage, Extinguishment of.** Payment of the debt secured by a mortgage, will not extinguish the lien of the mortgage as a security for taxes properly paid by the mortgagee.

*Appeal from Buchanan Circuit Court* —HON. JOS. P. GRUBB, Judge.

REVERSED.

*Thos. F. Ryan* and *Vinton Pike* for appellant.

*Ewing & Hough* and *E. C. Zimmerman* for respondents.

HOUGH, C. J.—The petition in this case is as follows: " Plaintiff, for his amended petition herein, states that defendants Cecile and William Wellmuth are husband and wife ; that for ten years last passed the said Cecile Wellmuth has been and now is seized and possessed of the fol-

lowing described lots or parcels of land in Buchanan county, State of Missouri, viz: the north half of lot 4, in block 55, in the original town of St. Joseph, and being so seized and possessed of said lot, did, together with her husband and by her certain deed, duly and legally executed and acknowledged, on the — day of ——, 187–, convey the said. lot to one James Horrigan, in trust for the purpose of securing payment of Cecile and William's certain promissory note of even date with said deed of trust, and which was due and payable in one year from its date, and in and by which the said Cecile and William promised to pay plaintiff the sum of $——, with ten per cent interest from date; that said note was not paid at maturity, and remained unpaid and due plaintiff until the 19th day of December, 1877, when the amount thereof was tendered to and paid plaintiff by defendants, Cecile and William; that while plaintiff held said note and deed of trust, executed by said Wellmuths, as aforesaid, and before that time the defendants Wellmuths failed to pay the just and legal taxes duly and legally assessed and charged to said property by the State, county and city, as hereinafter set forth ; that on and prior to the 22nd day of August, 1877, there were assessed and charged to said lot by the State and county, which were then a valid and subsisting lien upon said lot, the following taxes: For the year 1869, $10.88; for the year 1870, $14.10; for the year 1871, $11.10; for the year 1872, $15.12 ; for the year 1873, $12.68; for the year 1874, $18.53 ; for the year 1875, $13.65; and for the year 1876, $10.00 ; which said sums include interest and costs prior to January 1st, 1877, and amount to $106.06, to which must be added interest and costs to date of payment hereinafter stated, which is $13.59, making a total of $119.65 ; that on and prior to the 21st day of August, 1877, there were due from defendants to the city of St. Joseph the following taxes, duly and legally assessed and chargeable against said lot, to wit: For the year 1867, $49.43 ; for the year 1870, $30.41; for the year 1871, $56.49; for the

year 1872, $38.83 ; for the year 1873, $30.67; for the year 1874, $28.43; for the year 1875, $30.10 ; for the year 1876, $20.39 ; making a total of $283.75, and which includes penalties and costs and interest to date of payment. The plaintiff further says that the defendant wholly failed and refused to pay any and all of said taxes, and that the same were duly returned delinquent by the collector of the city of St. Joseph, and the collector of the county of Buchanan, respectively, and judgment according to law was rendered against said property by the city recorder of said city and the county court respectively, and that the plaintiff, in order to preserve his security, was compelled to and did pay said taxes, and received the receipts of the respective collectors and treasurers therefor; that said plaintiff paid in all the sum of $402.40, and is justly entitled to have the same charged upon and paid out of the property aforesaid; that defendants are wholly insolvent. Wherefore plaintiff prays judgment against the defendants for said sum of $402.40, with interest thereon, and for costs, and that the same may be charged as a lien upon said property of said Wellmuths, and that the same be sold to pay the said demand and for all proper relief."

There was a default entered against the defendants who were duly served, and when the cause came on to be heard for final judgment, proof was made of all matters alleged in the petition, which were not admitted by the default, and thereupon judgment was rendered for the defendants. The only question before us, therefore, is whether the petition states any cause of action.

The law is well settled that when a mortgageor fails to pay the taxes upon land which he has mortgaged, the 1. MORTGAGE: payment of taxes by mortgagee. mortgagee may, for the protection of his interest in the land mortgaged, and in order to preserve the same as an available security for his debt, pay the taxes, and claim the benefit of the lien of the mortgage for the amount so paid. Sheldon on Sub., §.9 ; Jones on Mort., §§ 1080, 1134; *Johnson v. Payne*, 11 Neb. 269;

*Whittaker v. Wright,* 35 Ark. 511; *Barthell v. Syverson,* 54 Iowa 160. But this claim must be enforced as a part of the mortgage debt, and cannot be made the basis of an independent action against the mortgageor, as for money paid to his use. *Johnson v. Payne, supra;* Jones on Mort., § 1080. Nor do we think that the mortgagee should be permitted to institute an independent proceeding for the enforcement of the lien of the State, or of any county or city, by virtue of the law of subrogation. The right to pay the taxes is one which enures to the creditor as mortgagee, and it can only be enforced by him, therefore, in his capacity as mortgagee. Outside of the relation of mortgageor and mortgagee, the payment of the taxes of one man by another without some request, express or implied, would be such a voluntary payment as would not support an action. *Napton v. Leaton,* 71 Mo. 369.

The petition before us does not give the date of the mortgage, but the note secured by it, and of even date 2. MORTGAGE, EXTINGUISHMENT OF. therewith, was overdue on December 19th, 1877, and being payable in one year from its date, the mortgage was certainly in existence in December, 1876. It is averred that certain State and county taxes were, on the 22nd day of August, 1877, a valid and subsisting lien on the land mortgaged, and that on the 21st day of August, 1877, there were due to the city of St. Joseph certain taxes legally assessed against said lot; that the defendants failed and refused to pay any of said taxes; that judgment was duly rendered against the land mortgaged by the city recorder of the city of St. Joseph, and by the county court of the county of Buchanan; that plaintiff was compelled to pay, and did pay said taxes in order to preserve his security as mortgagee. It appears that the amount of the mortgage debt was paid to plaintiff by the defendants on December 19th, 1877, but it does not appear that any release has ever been executed or that any entry of satisfaction has ever been made; and we think it quite clear, that as the mortgagee was entitled to receive

the original debt, interest and taxes before the defendants could demand an entry of satisfaction or a release, the simple payment of the debt and interest, without more, would no more extinguish the mortgage, than the payment of the debt and taxes, without the interest, would extinguish it. It being fairly implied by the allegations of the petition that no release or entry of satisfaction has ever been made, the mortgage is still in existence as a security for the taxes paid, and may be enforced against the land. The petition is informal and defective, but we cannot say that it wholly fails to state a cause of action.

The judgment will be reversed and the cause remanded. The other judges concur.