H. C. PAULMAN, PLAINTIFF AND APPELLEE, V. PREN-
TISS D. CHENEY, DEFENDANT AND APPELLANT.

1. **Specific Performance:** WAIVER. Where there are conditions
   in a contract for the sale of real estate, making time the essence
   of the contract and providing for a forfeiture in case of default,
   an acceptance of part payment on the contract is a waiver of the
   condition as to all defaults then existing.

2. ———: DECREE SUSTAINED. Where a contract provided that
   upon the payment of one-half of the purchase money the vendor
   should execute a deed to the purchaser, and take a mortgage
   upon the land conveyed, to secure the unpaid purchase money,
   *Held,* That a decree that the vendee pay the entire purchase
   price at the time of the execution of the deed would not be set
   aside on behalf of the *vendor,* unless there are special reasons
   why he should not receive the money.

APPEAL from Johnson county. Heard below before
BROADY, J.

*L. W. Colby,* for appellant, cited: *Morgan v. Bergen,*
3 Neb., 214.    *Reynolds v. B. & M. R. R. Co.,* 11 Id.,
186.    *Lent v. Same,* Id., 203.

*S. P. Davidson,* for appellee, cited: *Laird v. Smith,* 44
New York, 618. *Hull v. Sturtevant,* 46 Maine, 34. *Bass
v. Gilliland,* 5 Ala., 76.    *King v. Ruckman,* 24 N. J.
Equity, 356.    *Guin v. Roath,* 37 Conn., 16.    *Richmond
v. Robinson,* 12 Mich., 200.

MAXWELL, J.

This an action to enforce specific performance of a con-
tract for the sale of seventy-five acres of land off the south
end of section 1 in township 5 north, range 10 east, which
is described in the contract and petition by metes and
bounds.    The contract was entered into on the 29th day
of March, 1879, by which the defendant sold to the plain-

tiff the land above described, for the sum of $750, $100 of which was paid at the date of the contract, the balance to be paid in ten annual payments at the times specified in twenty promissory notes then given. The notes were payable at the office of Russell & Holmes, Tecumseh, Neb., without interest before due, and with ten per cent per annum after maturity. The defendant was to pay the taxes on said land for the year 1879 and previous years, and the plaintiff to pay the taxes of 1880 and subsequent years. The contract is substantially in the same form as in *Robinson v. Cheney*, 17 Neb., 673, and the construction placed upon it, in that case, will be adhered to in this.

It appears from the evidence that the notes due March 29th, 1881, from the plaintiff to the defendant, were not paid until April 23d of that year; that the notes due March 29th, 1882, were not paid until May 5th, 1884. At this time the notes due March 29th, 1883, and March 29th, 1884, were unpaid. All the money so paid was accepted by the defendant. On the 17th of June, 1884, and without any further default being made by the plaintiff in his payments, the defendant returned all the notes to the plaintiff in a registered letter, and declared the contract forfeited. On the 30th of that month the plaintiff deposited the entire amount of the unpaid purchase money in the bank of Russell & Holmes, and demanded a deed of the defendant, which not being given, the plaintiff brought this action. The answer is a general denial. The court below found the issues in favor of the plaintiff and entered a decree enforcing the contract.

The only question that need be considered in this case is that of waiver.

In *Dumpor's Case*, 2 Coke, 119, it was held that a condition in a lease that the lessee or his assigns shall not alien without the special license of the lessor, is determined by an alienation by license, and no subsequent alienation is a breach of the condition, nor does it give a right of entry

to the lessor. The courts of this country have generally held that a waiver by acceptance of rent or the like is a waiver of the existing forfeiture, but leaves the condition effectual for the future, and the same rule seems now to prevail by statute in England. The common law put a rigorous interpretation upon all contracts, and held that unless the conditions thereof were performed at the time and in the manner therein set forth, the breach was complete and no subsequent performance possible. But even at common law the rule as stated by Coke was, that where "it appeareth that if the condition be broken for non-payment of rent, yet if the feoffer bringeth an assize for the rent due at that time, he shall never enter for the condition broken, because he affirmeth the rent to have a continuance, and thereby waiveth the condition," etc. Coke Lit., 211$b$. The distinction made in some of the cases— that to make a receipt of rent a waiver the rent must have accrued after the breach, *Jackson v. Allen,* 3 Cowen, 220, need not be considered, and it could not apply to this case. Here was a contract with conditions of forfeiture. The conditions, in no instance, so far as the payment of the purchase money was concerned, seem to have been strictly complied with, yet the defendant treated the contract as valid and continuing. The money received by him on May 5th, 1884, was paid under the contract and accepted by him as such. He then recognized the contract as then existing under which the plaintiff upon payment of the purchase price was entitled to a deed. This, therefore, was a waiver of the prior conditions of forfeiture; and the defendant could not by a mere return of the notes to the purchaser, where there had been no subsequent default, terminate the contract and deprive the plaintiff of the land. Whether he could have done so by a notice to pay the money in a reasonable time is not before the court. The defendant contends that he cannot be compelled to accept the amount of money due on the contract in place of a

mortgage, as provided in the contract. This is true, and if an issue had been made upon that question it is possible that the court would have directed the execution of a mortgage. But the answer is a mere denial. We think the court was justified, from the conduct of the plaintiff, in believing that the purchase money for the land was at least of equal value to him as a mortgage on the land. There was therefore no error in decreeing its payment. In conclusion, as was said in *Robinson v. Cheney*, a court of equity will not declare a forfeiture unless compelled to do so. It violates every principle of justice to take the property of one man and give it to another without compensation upon a simple failure to pay at the day, where there has not been gross laches. While in particular cases such forfeitures will be sustained, yet they will be denied in all cases where the vendor has directly or indirectly waived the condition on which they depend. As the defendant waived the condition in this case it was his duty to accept the balance of the purchase money and execute a deed to the plaintiff, and having failed to do so, the decree of the court below enforcing the contract is right, and is affirmed.

JUDGMENT AFFIRMED.

The other judges concur.