ABIJAH RICHARDSON, APPELLANT, V. JAMES A. CAMP-BELL, APPELLEE.

[FILED OCTOBER 16, 1889.]

1. **Negotiable Instruments:** INTEREST. A promissory note was given to be due five years after date with interest from maturity at twelve per cent; coupon notes were given for the interest on said note. When the note was given, the highest rate of interest allowed by statute was twelve per cent, but before it became due the maximum rate had been reduced to ten per cent. *Held,* That the holder was entitled to the contract rate of interest.

2. **Coupons:** INTEREST. Where the interest provided for in a promissory note is the maximum rate allowed by law, and is represented by coupon notes providing that interest shall be allowed thereon after maturity at the maximum rate, no interest will be allowed on such coupons.

APPEAL from the district court for Johnson county. Heard below before BROADY, J.

*L. C. Chapman,* for appellant:

All money paid to protect the title was added to and barred only with the debt itself. (*Southard v. Dorrington,*

18 Neb., 122; *Schoenheit v. Nelson*, 16 Id., 237; *Miller v. Hurford*, 11 Id., 385.) The principle is also applied to the case of a mortgagee purchasing an outstanding title. (*Comstock v. Michael*, 17 Neb., 300.) Taxes are not debts in the ordinary sense of the term. (*Nebraska City v. Gas Co.*, 9 Neb., 339; *Millett v. Early*, 16 Id., 268.) Land taxes in this state are a perpetual lien, even though a supposed tax title may fail. (Gen. Stats., ch. 66, sec. 118; *Merriam v. Hemple*, 17 Neb., 347.) The rights of the parties must be determined by the legal rate of interest at the time of making the contract. (*Bond v. Dolby*, 17 Neb., 494; *Kellogg v. Lavender*, 15 Id., 262.) There is a substantial difference between this case and *Mathews v. Toogood*, 25 Neb., 99. As to attorneys' fees: *Towle v. Shelly*, 19 Neb., 638; *Hand v. Phillips*, 18 Id., 595.

*S. P. Davidson*, for appellee:

The ruling of the trial court allowing Richardson the face of the principal note and ten per cent to date of decree, with face only of four interest notes, is in conformity with final holding in *Mathews v. Toogood*, 25 Neb., 99. The statute of limitations bars all recovery for taxes claimed to have been paid by plaintiff.

MAXWELL, J.

On February 11, 1888, the plaintiff filed a petition in the district court of Johnson county and afterwards, on May 10, 1888, filed an amended petition stating his cause of action to be: That on February 29, 1876, James A. Campbell, defendant, executed for value and delivered to Ann M. Shephard five promissory notes, one for $600, due five years after date, and four other notes for $60 each, due in two, three, four, and five years after date; that on the same date defendant, James A. Campbell, duly executed unto said Shephard a mortgage on N. $\frac{1}{2}$ of section 20,

T. 4, R. 12, to secure said notes, which mortgage was duly recorded; that by a stipulation in said mortgage, in case of foreclosure an attorney's fee of ten per cent on recovery, which was agreed to be a. reasonable fee, should be paid by defendant and included in the decree; that by stipulation contained in said mortgage, if the land was sold for taxes said mortgagee might redeem the same and pay taxes and add the same to the debt secured by the mortgage with agent's fees of ten per cent; that before any of said notes became due the same were indorsed by said Shephard to plaintiff, who has ever since been the owner and holder thereof; that default has been made in the payment of said notes; that default has been made in payment of taxes on said land; that plaintiff has advanced and paid out of his own funds the money necessary to redeem said land from tax sales, and in the purchase of an outstanding tax title against said land; that all said indebtedness for said notes and for taxes paid, and for outstanding title purchased, is due and unpaid. The plaintiff prays that said mortgage may be foreclosed, the land sold and proceeds applied to the payment of said indebtedness, costs, and attorney's fees.

On July 13, 1888, James A. Campbell filed his separate answer, setting up a defense as follows : He admits the execution of the notes and mortgage, but avers that they were given on a usurious contract for a loan of $600, at the rate of twenty per cent, entered into between P. D. Cheney and Ann M. Shephard, by B. F. Perkins, their agent; and this defendant denies that plaintiff purchased said notes before due; denies each allegation in the petition not admitted or answered. For a second defense denies that plaintiff has redeemed said land for taxes mentioned, or that he has paid the taxes or any part thereof; alleges that the tax deed was fraudulent and void because no seal was attached to it; that the land was sold for taxes of 1875 only when other taxes were due; that all claims

for taxes paid are barred by the statute of limitations as well as all claim upon said notes and mortgage.

The plaintiff filed a reply which need not be noticed.

The court rendered judgment for plaintiff for $1,305 upon the notes sued on, being interest at the rate of ten per cent on the principal note, also the face of the interest notes without interest, also for $379.40 upon three tax sale certificates, being the amount of their face less fifty cents and interest thereon at seven per cent from their date, being a total of $1,684.40 due plaintiff; also an attorney's fee of $95. In all other respects the court found for the defendant.

The defendant Campbell excepts to finding on tax sale certificates, and the attorney's fee. Plaintiff excepts to findings and appeal.

In *Southard v. Dorrington,* 10 Neb., 122, it was held that "When the payment of taxes assessed on real estate is necessary to protect the security, the mortgagee may pay the same and have the amount paid added to the mortgage debt as expenses necessarily incurred in protecting the security. (*Godfrey v. Watson,* 3 Atk., 517; *Mix v. Hotchkiss,* 14 Conn., 32; *Williams v. Hilton,* 35 Me., 547; *Page v. Foster,* 7 N. H., 392; *Kortright v. Cady,* 23 Barb., 497; *Brown v Simons,* 3 Am. Law Reg. [N. S.], 154 (44 N. H., 475); [*Johnson v. Payne,* 11 Neb., 269].) But the courts look with jealousy upon the demands of the mortgagee beyond the payment of his debt as increasing the difficulties in the way of the right to redeem. But where the land is liable to taxation, and taxes, if legally assessed, would be a lawful charge upon the same, and there are no special circumstances showing the tax to be unjust or inequitable, a court of equity will not declare such tax void because some of the formalities necessary to make a tax deed valid have not been complied with."

It is impossible from the record before us to say that the purchase of the tax title in question was necessary to pro-

tect the plaintiff's security, and therefore, so far as appears, there was no error of the court below in rejecting the same. The principal note in the case is as follows:

"$600.                    TECUMSEH, NEB., Feb'y 29, 1876.

"Five years after date, for value received, I promise to pay to the order of Mrs. Ann M. Shephard, six hundred dollars, payable at the office of P. D. Cheney, in Jersey-ville, Ill., without interest before maturity, with twelve per cent per annum after maturity.    JAMES A. CAMPBELL."

Twelve per cent was the highest rate of interest permissible under our statute when the note was made, but before it became due the statute had been changed, reducing the rate to 10 per cent by agreement and 7 per cent where there was no contract to pay a higher rate. The promise in the note is considered as an agreement to pay 12 per cent interest after maturity; and the contract being lawful when made, the courts will enforce the same, notwithstanding the subsequent change of the statute when the note became due.

In *Kellogg v. Lavender*, 15 Neb., 256, in a carefully considered opinion by Judge COBB, it was held that in case of contract for a particular rate of interest that rate continued after the note became due, as well as before. This rule is subject to the limitation that the rate agreed upon be within the statute.

The coupon notes are in the following form:

"$60.                     TECUMSEH, NEB., Feb'y 29, 1876.

"Five years after date, for value received, I promise to pay to the order of Ann M. Shephard, sixty dollars, payable at the office of P. D. Cheney, in Jerseyville, Ill., without interest before maturity, and twelve per cent per annum after maturity.        JAMES A. CAMPBELL."

These notes were attached to the principal note, and are, in fact, coupons. Had they been separated and sold as independent notes to a *bona fide* purchaser for value before maturity, there is but little doubt that such purchaser

would have been entitled to interest after the notes became due, but being mere coupons for the payment of interest they cannot, under the former holdings of this court, draw interest. (*Mathews v. Toogood*, 23 Neb., 536; *Mathews v. Toogood*, 25 Neb., 99.) The reasons for this rule are very fully set forth by Chief Justice REESE in the cases above cited, and the rule thus established will necessarily be adhered to, and if changed it should be done by the legislature. The decree will therefore be affirmed as modified.

DECREE AFFIRMED.

THE other Judges concur.