HANNAH A. TOWNSEND ET AL. V. J. I. CASE THRESH-
ING MACHINE CO.

[FILED MAY 6, 1891.]

1. **Review**: SUBMISSION WITHOUT BRIEFS. The several errors ex-
amined, and there being no brief pointing to the materiality or
prejudicial character of the errors, which, in the absence of ar-
gument and authority, are not apparent, the several assignments
are overruled.

2. **Taxes**: PAYMENT BY MORTGAGEE. When the payment of taxes
assessed on real estate is necessary to protect his security, a mort-
gagee may pay the same and have the amount added to the
mortgage principal as necessary expenses incurred in protecting
the security. (*Southard v. Dorrington*, 10 Neb., 119, and authori-
ties there cited.)

ERROR to the district court for Gage county. Tried
below before APPELGET, J.

*Richards & Prout*, for plaintiffs in error.

*Hastings & McGintie, contra.*

No briefs filed.

COBB, CH. J.

The J. I. Case Threshing Machine Company, a private
corporation under the laws of the state of Wisconsin, on
May 28, 1888, brought its action in the district court of
Gage county against Hannah A. Townsend and Wallace J.
Townsend, her husband, defendants, to recover certain
promissory notes, secured by certain mortgages on lots 1
and 2, in block 1, in the city of Beatrice, in said county, as
follows:

1. The defendant's note, for value received, for $400,
dated January 27, 1885, due three years after date, with

ten per cent interest, payable semi-annually, to Benjamin F. Leidy, secured by mortgage of even date, duly recorded, and assigned and delivered to the plaintiff. On this note there is a credit of $20, July 27, 1885, being the interest to that date.

2. The defendant's note to plaintiff for $362.30, dated September 18, 1886, payable December 1, 1888, at seven per cent interest.

3. The defendant's second note to plaintiff for $362.30, of same date, payable December 1, 1889, with same rate of interest, both notes secured by a second mortgage on the same premises, and duly recorded and held by plaintiff.

4. The defendant's third note to plaintiff for $386.10, dated' January 16, 1888, payable December 1, 1890, at seven per cent interest, secured by a third mortgage on the same premises, and duly recorded and held by plaintiff.

The plaintiff, to protect its lien on the mortgaged property, on June 22, 1888, paid the taxes of the year 1887 to the county treasurer, $33.79.

The plaintiff alleges that the first note has long been due and unpaid, except the sum of $20 interest thereon to July 27, 1885, as stated; that the mortgage security is conditioned that if Hannah A. Townsend, her heirs, etc., shall pay the note on or before January 27, 1888, with interest, the mortgage due shall be void, otherwise in full force and effect, and whereby said mortgage has now become absolute; that on January 27, 1885, the mortgagee indorsed and transferred both note and mortgage to the plaintiff for a valuable consideration, and it is now the owner and holder thereof, and that no suit or other proceedings have been taken to recover the same; that, to protect its lien on the mortgaged property, the plaintiff, on June 22, 1888, paid the taxes for the year 1887 to the county treasurer, amounting to $33.79, which additional sum with interest is due.

The plaintiff further alleges that the premises consist of

two contiguous city lots in the city of Beatrice, with a building erected for business purposes, which cannot, without doing the property great and irreparable injury, be separated or divided, and that it is to the interest of all parties that the property be kept intact.

An account is asked of the amount due and to become due on the notes and mortgages held by plaintiff; that a foreclosure of each and all be had, and the premises sold as an entirety to pay the amount due, with judgment for such sum as may remain due.

To the petition the defendants demurred, which was overruled. The defendants' motion requiring the plaintiff to separately state and number its several different causes of action set forth in its petition was overruled, and the cause was tried to the court.

The following decree was entered:

"On this 2d day of October, 1888, it being the ninth day of the regular September term, this cause was heard upon the demurrer of defendants to the plaintiff's petition, and after the arguments of counsel, and the court being fully advised in the premises, the demurrer is overruled; to which defendants excepted.

"On the same day the cause was further heard on the defendant's motion to compel the plaintiff to separately state and number the several causes of action, which was argued by counsel, and the court being fully informed in the premises overruled the motion; to which defendants excepted.

"And on the same day the cause was further heard on the pleadings and evidence, and the court finds all the issues in favor of the plaintiff, and that there is due on the first note described in the petition the sum of $527.21; that the same is drawing interest at ten per cent per annum and is secured by the mortgage dated January 27, 1885; that default has been made in the conditions of said mortgage and the plaintiff is entitled to a foreclosure thereof;

that on June 22, 1888, the plaintiff paid the taxes for the year 1887 on the mortgaged premises, in the sum of $33.79, and there is now due thereon $34.71, making a total due the plaintiff from defendants of $561.92.

"And the court finds that on September 18, 1886, the defendants executed their note to plaintiff for $362.30, due December 1, 1888, at seven per cent interest, on which there is now due $414.08, and on the same day executed their note to plaintiff for $362.30, due December 1, 1889, at seven per cent interest, on which is now payable $414.08, to secure which defendants executed the mortgage described in the plaintiff's petition.

"And the court further finds that on January 16, 1888, defendants executed their note to plaintiff for $386.10, at seven per cent interest, on which there is now due $405.39, to secure which note the defendants on the 16th of January, 1889, executed their mortgage deed on all and singular the premises described in plaintiff's petition; and that all of the mortgages were duly recorded and are a lien upon said premises in the order named; and that the property cannot, without great injury thereto, be separated or divided, and should be sold together.

"It is therefore ordered, adjudged, and decreed that unless said sum so found now to be due, $561.92, with interest from this day at ten per cent per annum, and costs, be paid, that said premises be duly appraised, advertised, and sold in manner provided by law, to pay said sum now due and the said several sums hereafter to grow due, to-wit: $414.08, December 1, 1888; $414.0\, December 1, 1889 $405.39, December 1, 1890; each of said last named sums to bear interest at the rate of seven per cent per annum from this 2d day of October, 1888.

"And that said defendants, and any and all persons claiming said premises or any interest therein under or through the defendants, be forever foreclosed."

On May 18, 1889, the defendant below, Hannah A.

Townsend, brought the cause to this court on her petition in error, assigning the following errors :

1. The court erred in overruling the motion to compel the plaintiff below to separately state and number its several causes of action.

2. In overruling the demurrer of the defendants below.

3. The findings of fact are inconsistent with the petition of the plaintiff below.

4. In the amount found due on the first mortgage mentioned, the same being too large.

5. In finding that default had been made in the conditions of the first mortgage mentioned in the petition, no such default having been alleged.

6. In including the amount of taxes alleged to have been paid by plaintiff below, the same not having been provided for in the mortgage deed.

7. In the amount found due on the second note, the same being too large.

8. In the amounts found due on the third and fourth notes, the same being too large as to each.

9. In computing the several notes in the second mortgage not then due, and decreeing that said amounts should draw interest from October 2, 1888.

10. In decreeing foreclosure of the second and third mortgages, no part thereof being due.

11. The decree is not supported by the findings of the court, and is inconsistent therewith.

From the record it appears that the cause, or causes, of action are distinctly stated as upon promissory notes due and to become due, secured by three separate mortgages, all executed by the plaintiff in error and the defendants in this action in the court below, upon one piece of real estate, being two city lots not capable of division; and the several notes made by the plaintiff in error, and the separate liens held by the defendant in error against her premises, constituting the cause of action, are stated and num-

bered in separate paragraphs in accordance with sections 92 and 93 of the Code of Civil Procedure.   That a note past due, secured by mortgage, thus stated, is a sufficient fact to constitute a cause of action for foreclosure, will not be further argued.   The first and second errors are overruled.

The findings of fact by the court below do not appear to be inconsistent with the allegations of the petition, and no such inconsistency being specifically alleged by the plaintiff in error, the third error is overruled.

The fourth error, that the amount found due on the first mortgage is too large, if, in fact, an error, is one to have been corrected in the trial court, but it does not appear that an objection was made, or exceptions taken, at the trial.   If in actions of foreclosure, as in cases of partition, judgment be entered after a demurrer to the answer has been sustained, or a demurrer to the petition overruled, and it recite that it is rendered on the pleadings and evidence, the error, if any, should have been corrected below, or an application made in that behalf and overruled should be shown. (*Mills v. Miller*, 2 Neb., 299.)   The fourth error is overruled.

The default in the payment of the note, secured by the first mortgage, is definitely alleged, whereby the mortgage has become absolute.   The fifth error is, therefore, without significance.

The sixth error is that of including the taxes paid by defendant in error, the same not having been provided for by the terms of the mortgage security.   This error must be overruled.   The acknowledged rule has been, for more than ten years, in this state, that "when the payment of taxes assessed on real estate is necessary to protect the security, the mortgagee may pay the same, and have the amount added to the mortgage debt as expenses necessarily incurred in protecting the security." (*Southard v. Dorrington*, 10 Neb., 122.)

In the seventh, eighth, and ninth assignments, if there

be errors of computation as to the amounts found due, on the notes and mortgages of the plaintiff in error, it should have been corrected in the court below, or an application to that effect, if overruled, should have been shown by exceptions.

The tenth error is that of the plaintiff in error, rather than of the court in its decree. The court does not decree the foreclosure of the second and third mortgages, but finds the amounts of the notes secured by those mortgages as subsequent, junior liens on the same premises of the first mortgage, which alone is foreclosed; and under it the premises is ordered to be sold under section 852 of the Code of Civil Procedure.

The eleventh error, that the decree is inconsistent with the findings of the court, is deemed wholly immaterial after what has been said, and is remitted without observation. The avails of sale are to be applied under section 854 of the Code, under the order of the court, and any errors of computation may be settled by the court below on confirmation of sale and distribution of the proceeds. The decree of foreclosure and sale is

AFFIRMED.

THE other judges concur.