J. L. WHITE, APPELLEE, V. ATLAS LUMBER COMPANY, APPELLANT.

FILED SEPTEMBER 16, 1896. No. 6674.

1. **Contracts: DEFAULT: FORFEITURE: WAIVER.** Where time is made the essence of a contract and a forfeiture is provided in case of default, the acceptance of part of overdue payments on the contract is a waiver of the right to declare a forfeiture as to all defaults in payments then existing.

2. **Mortgages: IMPROVEMENTS BY MORTGAGEE: RENTS.** A mortgagee of real estate in possession before foreclosure, in the absence of an express or implied agreement upon the subject, is not entitled to any credit for permanent improvements made by himself, but he is liable for the net rents and profits which he has received, or which he might have received by the exercise of reasonable care.

3. ——. *Higginbottom v. Benson*, 24 Neb., 461, distinguished.

4. ——: INSURANCE: TAXES. A mortgagee is entitled to be reimbursed for insurance premiums and taxes paid, with interest thereon.

APPEAL from the district court of Frontier county. Heard below before WELTY, J.

*W. S. Morlan*, for appellant.

*Cobb & Harvey*, contra.

NORVAL, J.

There is but little controversy as to the facts in this case. On the 22d day of September, 1887, the plaintiff, J. L. White, and E. E. Brannon purchased of A. G. Hagadorn lot 6, in block 24, of the village of Curtis, agreeing to pay therefor $650, as follows: Fifty dollars in cash and the sum of $200 in four equal monthly payments of $50 each, and to assume a mortgage on the premises for $400, drawing ten per cent interest, owned by Myra Cropsey. Hagadorn, at the time of the purchase, executed a bond conditioned for the conveyance of the lot by warranty deed upon the above payments being made. Immediately thereafter White and Brannon commenced the erection of a house on the lot, purchasing the materials of Howard Bros. and paying therefor, except the sum of $259.36, for which amount Howard Bros. filed a mechanic's lien against the property. White and Brannon paid $100 only on the lot, and about $300 for labor and materials in the construction of the building. Brannon sold his interest in the premises to the plaintiff, who afterwards, on February 20, 1888, entered into an arrangement with Hagadorn and Howard Bros. whereby Hagadorn was to execute a deed of the premises to M. W. Hicks, as agent of Howard Bros., and Hicks was to convey to plaintiff upon his paying to Hagadorn $173.30 on April 20, 1888, the remainder of the purchase price, and to Howard Bros. the sum of $264, the balance due them on lumber. White also was to assume the payment of the Cropsey mortgage. Hagadorn, in accordance with this agreement, executed a deed of the property to Hicks, who in turn gave White a contract of purchase, which was left with Hagadorn. The building, though not entirely completed, was at the time leased to Mrs. Aiken for six months, and this lease was subsequently turned over by White to Hicks, the rents to be applied on the indebtedness aforesaid. Plaintiff has made no further payments. The premises were afterwards conveyed by

Hicks to Hagadorn, and by the latter to the defendant, the Atlas Lumber Company, successor to Howard Bros. The grantee in each deed had actual knowledge of plaintiff's rights. The defendant entered into possession of the premises and has collected the rents, paid the Cropsey mortgage and the Hagadorn note, the taxes and the insurance, and expended in making permanent and lasting improvements the sum of $283.34. The defendant claims to be the owner of the premises by reason of the failure of the plaintiff to make the payments in accordance with the terms of the contract. White brought this action, praying that an account be taken, and that, if anything should be found due defendant, on paying the same the title be confirmed in plaintiff, or that defendant be required to pay plaintiff his interest in the property, and for general equitable relief. Upon the trial the court found due defendant from plaintiff the sum of $58.88, which sum he was required to pay in ten days, and upon his paying said sum defendant should convey said lot to plaintiff. Defendant appeals.

The first question arising upon this record is, Has plaintiff forfeited his interest in the premises? The contract which Hicks gave plaintiff contained the following stipulations: "And the said party of the second part hereby covenants and agrees to pay said party of the first part the sum of four hundred thirty-seven ($437) dollars and thirty (30) cents, and assume and pay a certain mortgage on lot of four hundred dollars, and interest thereon, as said payments become due, in the manner following: The above $437.30 to be paid as follows: Said party to pay A. G. Hagadorn a note of $173.30 on the 20th day of April, as it becomes due; and pay the said M. W. Hicks, or Howard Bros., on April 20, 1888, the sum of $264 on a certain promissory note of even date herewith, and make payments on above $400 mortgage, as specified, as said payments are due, with interest at the rate of ten per cent per annum, payable annually, on the whole sum remaining from time to time unpaid, and to pay all taxes,

assessments, and impositions that may be legally levied or imposed upon said land subsequent to the year 1888. And in case of the failure of the said party of the second part to make either of the payments or perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by him sustained; and he shall have the right to re-enter and take possession of the premises aforesaid." There is no doubt that time may be made the essence of a contract, as where the contract contains a provision of forfeiture upon the failure of the purchaser of real estate to make the payments at the times specified. It will be observed that time is made the essence of the contract under consideration, and if the transaction should be construed a purchase of the premises by plaintiff from Hicks, the conclusion would be irresistible that White has forfeited all equities and title to the property, unless Hicks and the defendant, by their course of dealing with plaintiff, have waived the right to insist on the forfeiture. White was not the purchaser from Hicks, but from Hagadorn. The premises, it is true, were conveyed by the latter to Hicks, who held the title, not as purchaser, but in trust as security for the amounts due from White to Hagadorn and Howard Bros., respectively. The transaction was, in effect, the same as if Hagadorn had conveyed directly to plaintiff, and he in turn had made a deed absolute of the property to Hicks to secure the indebtedness in question. In such case the contract given by Hicks would be a defeasance, and he could not insist upon the condition of forfeiture in the contract, since the relation of mortgagor and mortgagee would exist between the parties, and White's equities could be extinguished alone through foreclosure proceedings. This is, in effect, an action to redeem, and under

the facts and circumstances of the case it would be inequitable and unjust to deprive plaintiff of the right to redeem merely because he failed to make the payments promptly according to the contract, inasmuch as it is developed by the testimony adduced on the trial that the lease of the property from plaintiff to Mrs. Aiken was turned over by him to Hicks as additional security, and that the rents were collected by the latter after White was in default in his payments. This constituted a waiver of the right, if any existed, to declare a forfeiture. (*Paulman v. Cheney*, 18 Neb., 392.)

It is argued that the finding of the amount required to be paid by the plaintiff to redeem is unsupported by the evidence. The record fails to show what items were allowed the respective parties by the court in the accounting, it having made a general finding of the amount due defendant. Counsel on either side, in their briefs, have furnished us with what they regard as an accurate statement of the account between the parties. But these statements do not agree in every particular; especially is this true as to the item of $283.34 charged by the defendant for improvements put upon the property while in possession. Plaintiff rejects this charge. Howard Bros., through their agent and manager, Hicks, took possession of the property without the consent of plaintiff and withheld possession thereof from White. There was no contract or agreement authorizing the improvements in question to be made. The relation held by the parties was that of mortgagor and mortgagee, and the latter is not entitled to credit for permanent improvements placed upon the premises. (*Mahoney v. Bostwick*, 30 Pac. Rep. [Cal.], 1020; *Harper's Appeal*, 64 Pa. St., 315; *Moore v. Cable*, 1 Johns. Ch. [N. Y.], 385; *McCarron v. Cassidy*, 18 Ark., 34.) The case of *Higginbottom v. Benson*, 24 Neb., 461, does not conflict with this conclusion. In that case there was a foreclosure of a senior mortgage, the junior mortgagee not being made a party to the action. It was held that as the purchaser under the decree did so in good

faith, believing that he was acquiring a perfect title, in an action to redeem by the holder of the junior mortgage he was entitled to credit for valuable improvements placed upon the premises while in possession, and that he was not chargeable with rents and profits during his possession. The cases are unlike. The precedent cited was a contest between a junior mortgagee and the purchaser in good faith under the foreclosure of the senior incumbrance, and not between the mortgagor and mortgagee, as in the case at bar.. The defendant should be credited with the sums paid for taxes and insurance premiums upon the premises, with interest from the dates of the respective payments. (*Townsend v. Case Threshing Machine Co.*, 31 Neb., 836.) Likewise for the amount of its debt, as well as for the sums paid by it in discharge of the Cropsey mortgage and the claim of Hagadorn, with ten per cent, that being the rate of interest which the several obligations bore. On the other hand, the defendant is liable to account for the net rents and profits received, or which could have been realized by the exercise of ordinary care. (*Comstock v. Michael*, 17 Neb., 288; *Kemp v. Small*, 32 Neb., 318; *Morrow v. Jones*, 41 Neb., 867.) The amount realized on the Aiken lease turned over by plaintiff was the sum of $150, for which amount plaintiff should be credited, with interest. The testimony of the plaintiff tends to show that the premises were of the fair rental value of $20 per month, with the exception of one year, during which $12 or $14 a month would have been a good rent, while Hagadorn, on behalf of plaintiff, testified that $12.50 per month was a fair rental of the building during the entire time defendant was in possession. The defendant offered no testimony as to the rental value, and we shall, in making our calculation, accept the testimony of plaintiff as correct. Especially should we do this, inasmuch as the finding of the trial court was in plaintiff's favor, and since the defendant's own books show it received for a considerable portion of the time $15 per month as rent from the premises in dispute. In

arriving at the net rental, the costs of collecting, which the evidence discloses to be ten per cent, should be deducted from the gross sum.   The account at the date of the decree was as follows:

DEFENDANT'S CREDITS.

| | | |
|---|---:|---:|
| White's note to Hagadorn | $173 | 30 |
| White's note to Howard Bros | 264 | 00 |
| Cropsey's mortgage | 400 | 00 |
| Interest at ten per cent on above sum from February 20, 1888, to September 20, 1893 | 467 | 14 |
| Taxes | 40 | 12 |
| Interest thereon to date of decree | 11 | 57 |
| Insurance | 22 | 50 |
| Interest thereon up to decree | 3 | 26 |
| Total defendant's credits | $1,381 | 89 |

Plaintiff is entitled to credits as follows:

| | | |
|---|---:|---:|
| Rent collected from Mrs. Aiken, less ten per cent | $135 | 00 |
| Interest to date of decree, five years | 67 | 50 |
| Rent four years, at $20 per month, less ten per cent | 864 | 00 |
| Interest computed from the mean time of payments | 172 | 80 |
| Rent one year, at $14 per month, less ten per cent | 141 | 20 |
| Total | $1,380 | 50 |

Thus it will be observed from the foregoing statement, which is amply sustained by the evidence, that the total of plaintiff's credits is but $1.39 less than the aggregate amount of credits on the other side of the account, so that it is plaintiff, and not defendant, who is prejudiced by the finding of the decree; but as he is not complaining, the decree is

AFFIRMED.