NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. JOHN J. BUTLER ET UX., APPELLANTS.

FILED DECEMBER 22, 1898. No. 8558.

1. **Mortgage:** DEFAULT: ELECTION TO DECLARE DEBT DUE: WAIVER. A bond and mortgage given to secure payment of the debt stated in the former instrument provided for an election by the creditor

to declare the entire debt due and for enforcement by foreclosure if default was made in payments of interest or an installment or installments of principal as they respectively matured. Acceptance of interest due did not waive the default in payment of matured installments of principal.

2. ———: ———: ———: NOTICE. No specific notice of the election to treat the whole debt as due was necessary prior to the institution of the foreclosure suit. Its commencement was sufficient notice of said election.

3. ———: TAXES AND INSURANCE. A mortgagee is entitled to reimbursement for taxes and insurance premiums paid to preserve the security; also the interest on such payments.

4. ———: ———. A bond and mortgage provided for the payment on default thereof of the mortgagor of "taxes and assessments." *Held*, To include certain special assessments by city authorities which by law were made liens on the mortgaged property and for which it might be sold as for general, state, county, and city taxes.

5. Identification of Instrument. An instrument introduced in evidence determined sufficiently identified as the one in suit.

6. Mortgages: EXPENSES OF ABSTRACT. A stipulation in the bond and a mortgage for payment by the mortgagor of "expenses incurred in procuring and continuing abstracts of title for the purposes of the foreclosure suit" *held* ineffective and unenforceable.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Reversed.*

*Alfred W. Scott*, for appellants.

*Lambertson & Hall, contra.*

HARRISON, C. J.

The appellee herein instituted the action to secure the foreclosure of a real estate mortgage, the property involved being a lot in Lavender's Addition to the city of Lincoln. The bond which evidenced the indebtedness, the payment of which it was the declared purpose of the mortgage to secure, recited the sum of $20,000 as its amount, but provided for the payment of $10,000, and for the latter sum, as due on the debt, $120 paid for insurance, a stated aggregate amount of state, county, and

city taxes, and special assessments, also $1.50 paid for extension of an abstract of title of the property, in preparation for commencement of the foreclosure, and interest on each of said sums, a recovery was prayed. The mortgagor admitted the execution of the bond and mortgage declared upon in the petition. For Mary E. Butler there was a general denial of the allegations of the petition. From a decree of foreclosure for the amounts claimed this appeal has been prosecuted.

Both bond and mortgage provided for the prompt payments of installments of interest and principal when due, also taxes and assessments, and for keeping insurance in force, and if taxes and assessments were not paid or insurance not attended to by the mortgagor at the proper times, the mortgagee should be authorized to pay all necessary sums and be entitled to reimbursement, and to collect them as of the mortgage indebtedness. And it was further provided: "But in case of the non-payment of any sum of money (either principal, interest, insurance money, taxes, or assessments) at the time or times when the same shall become due, agreeably to the terms and conditions of these presents or of the aforesaid bond, or any part thereof, then, in such case, the whole amount of said principal sum shall, at the option of the said party of the second part, its successors or assigns, be deemed to have become due and payable, without any notice, whatever (notice of such option being hereby expressly waived); and the same, together with all sums of money which may be paid by said party of the second part, its successors or assigns, for or on account of insurance, taxes, assessments, or prior liens, with interest thereon at the rate aforesaid, shall thereupon be collectible in a suit at law, or by the foreclosure of this mortgage, in the same manner as if the whole of said principal sum had been made payable at the time when any such failure in any payment shall occur as aforesaid, and the judgment or decree in the suit brought to foreclose the same shall embrace, with the said principal debt and

interest, all sums so paid for or on account of insurance, taxes, assessments, or prior liens, with interest at the rate aforesaid." In regard to the extension of the abstract there was a specific promise that the expense of it would be borne by the mortgagor. It is contended that there were no defaults on the part of the mortgagor which gave the mortgagee the right to an action at the time this was begun. There were installments of the principal due prior to the time of the commencement of the action, and under the terms of the bond and mortgage this rendered the whole sum due at the option of the holder thereof. That a payment of interest had been received after such default would not constitute a waiver of the right to enforce for the defaults in the payments on installments of principal.

It is argued that no notice of an election to declare the whole debt due was given the mortgagor by the mortgagee prior to the action, and without it the suit could not be maintained. No other notice of the election to foreclose for all the debt than the commencement of the action with a statement in the complaint of such election was necessary. (*Lowenstein v. Phelan*, 17 Neb. 429; *Coad v. Home Cattle Co.*, 32 Neb. 761; *Pope v. Hooper*, 6 Neb. 178; *Fletcher v. Daugherty*, 13 Neb. 224.)

It is urged that the bond should not have been admitted; that it did not support or was at variance with the allegations of the petition. An examination of the instrument referred to and a comparison of its recitals with the instrument declared upon in the petition as the primary evidence of the indebtedness sought to be enforced leads to the conclusion that the bond introduced in evidence is the one in suit. Its identification was sufficient, and it supported, and did not vary from, the statements in the petition.

The payment of the insurance by the appellee under certain stated conditions was provided for in the bond and mortgage. The conditions existed and the payments were made; hence the appellee was entitled to enforce

reimbursement. (*White v. Atlas Lumber Co.*, 49 Neb. 82; *Townsend v. Case Threshing-Machine Co.*, 31 Neb. 836.)

In the bond and mortgage it was provided that the mortgagee might pay "taxes and assessments" against the property if the mortgagor had failed in the payments. The mortgagee had paid for state, county, and city taxes; also some special assessments. The last, it is asserted, were not included in the provision to which we have alluded, and the mortgagee, although he had paid them, could not enforce the amount of them as a debt due to him by virtue of the terms of his mortgage or by reason of its ownership. Such assessments, under similar provisions of statutory law in reference to their inception and collection, were held included under the terms "taxes and assessments," and they are by law made liens on real estate. (*State v. Irey*, 42 Neb. 186.) It has been held by this court that in case of failure of the mortgagor to pay the taxes, the mortgagee may pay them to protect the security and recover them in the foreclosure of the mortgage. (*Southard v. Dorrington*, 10 Neb. 122; *Richardson v. Campbell*, 27 Neb. 647; *Townsend v. Case Threshing-Machine Co.*, 31 Neb. 836; *New England Loan & Trust Co. v. Robinson*, 56 Neb. 50.) The conditions had arisen and the mortgagee had met them by making the payments and was entitled to foreclose for the aggregate of the sums paid.

In the instrument sought to be enforced it was promised that the mortgagor would pay all expenses incurred in procuring and continuing abstracts of title for the purposes of the foreclosure suit, and of the sums claimed and allowed was $1.50 for extension of the abstract of title to the property preparatory to the foreclosure of the mortgage. This it is insisted should not have been made a part of the decree. At first glance it would seem that if the parties contracted for such a contingent expense, and the mortgagor to bear it, there is no valid reason why the agreement should not be enforced; but a

critical examination of the question discloses some features which are not exposed by the cursory view. Costs in such actions as this, as in all, are confined to those allowed by statute. (*Bank of Wooster v. Stevens*, 1 O. St. 233; *State v. Taylor*, 10 O. 378, cited and approved in *Dow v. Updike*, 11 Neb. 95. See to same effect *Equitable Life Assurance Society v. Hughes*, 11 L. R. A. [N. Y.] 280.) This charge is properly within the cost or expense of collection and cannot be separated from, or an appreciable distinction be made between, it and many others, such as the stationery used in notifying the debtor of his defaults, postage, attorneys' fees, etc. (*Equitable Life Assurance Society v. Hughes, supra*.) While the contract in and of itself may not be harmful when viewed in connection with the contract of debt and mortgage from which it is not divisible, it is one which is clearly obnoxious to public policy and to the rules of law governable in this state as announced in this court. (*Dow v. Updike*, 11 Neb. 95; *Hardy v. Miller*, 11 Neb. 395; *Security Co. v. Eyer*, 36 Neb. 510; *Otoe County v. Brown*, 16 Neb. 395; *Winkler v. Roeder*, 23 Neb. 706.) In *Myer v. Hart*, 40 Mich. 517, in speaking of a stipulation for payment of an attorney's fee in evidences of indebtedness, it was observed: "If the creditor can insert such a provision in a mortgage and enforce performance thereof, why not insert a clause that if the debt is not paid at maturity, for every letter he shall write his debtor demanding payment, and for every time he shall call upon his debtor to demand payment, he shall receive a definite fixed sum?" (See, also, *Bullock v. Taylor*, 39 Mich. 137; *Toole v. Stephen*, 4 Leigh [Va.] 581; *Witherspoon v. Musselman*, 14 Bush [Ky.] 214.) We conclude that the expense of extension of the abstract of title was not allowable. It follows from the conclusions reached and stated that the decree was excessive in the sum of the expense of the continuance of the abstract. It is therefore reversed and the cause remanded to the district court for the entry of a decree for all sums in-

cluded in the former one, except the amount of the fee for the abstract of title.

REVERSED AND REMANDED.

NORVAL, J., had no part in the opinion.